**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STATE FARM INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GARY J. HOUTSMA,<br><br>Defendant. | Civil Action No. 26-2266 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff State Farm Indemnity Company's unopposed Motion for Default Judgment against Defendant Gary J. Houtsma. (ECF No. 7.) Defendant has not filed opposition papers or otherwise appeared in this action. The Court has carefully reviewed Plaintiff's submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND[1]

Plaintiff State Farm initiated this action on March 4, 2026 seeking a declaratory judgment regarding its obligations to Defendant under the parties' Personal Liability Umbrella Policy (Policy). (ECF No. 1.) Plaintiff originally issued the Policy to Defendant and his spouse, Tracy

[1] On a motion for a default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The Complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Hahn v. OnBoard LLC*, Civ. No. 09-03639, 2009 WL 4508580, at *1 (D.N.J. Nov. 16, 2009).

Houtsma, as the named insureds in 2022. (*Id.* ¶¶ 6, 7.) On July 11, 2024, Tracy filed a personal injury claim against Defendant in state court (the State Action) seeking damages for injuries sustained in a July 30, 2022 one-vehicle accident. (*Id.* ¶¶ 13-14; *see id.* at 34-38.)[2] The Policy ran from June 3, 2022 to June 3, 2023, and thus covered the date of the underlying accident. (*Id.* at 7.)

Defendant was served on March 7, 2026, but provided no answer. (ECF No. 5.) Plaintiff obtained a Clerk's entry of default pursuant to Rule 55(a) on April 14, 2026, and moved for default judgment on May 13, 2026. (ECF No. 7.) To date, Defendant has not responded or otherwise appeared in this action.

## II. LEGAL STANDARD

Under Rule 55(a), a plaintiff may request the Clerk of Court to enter default as to "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a default is entered, the plaintiff may then seek entry of a default judgment—either by the Clerk of Court or the Court itself—under Rule 55(b).

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, the Third Circuit "does not favor entry of defaults or default judgments," *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984), and therefore "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951).

---

2 Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Before entering default judgment, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *G & G Closed Cir. Events, LLC v. Remsen Assocs., Inc.*, Civ. No. 19-13019, 2021 WL 1139873, at *2 (D.N.J. Mar. 24, 2021) (cleaned up).

## III. DISCUSSION

### A. Jurisdiction and Service

"Before entering a default judgment as to a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[3] *Werremeyer v. Shinewide Shoes, Ltd.*, Civ. No. 19-10228, 2023 WL 6318068, at *2 (D.N.J. Sep. 28, 2023) (citations omitted). Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) requires complete diversity of parties such that "no plaintiff be a citizen of the same state as any defendant," and an amount in controversy that exceeds $75,000. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

Diversity of citizenship is satisfied here because Plaintiff is an Illinois company having a principal place of business in Bloomington, Illinois, (ECF No. 1 ¶ 4), and Defendant is an individual domiciled in Manahawkin, New Jersey, (*id.* ¶ 5). The amount in controversy requirement[4] is also satisfied because the parties' Policy provides personal liability coverage up to $2,000,000, (ECF No. 1 at 7), and the State Action seeks joint and several damages from Defendant

---

3 Though Plaintiff does not brief the issue of jurisdiction, the Court may consider it *sua sponte*. *B&P Holdings I, LLC. v. Grand Sasso, Inc.*, 114 F. App'x 461, 465 (3d Cir. 2004) ("[S]ubject matter jurisdiction may be raised initially by either party, or *sua sponte* by the court, at any stage of litigation[.]")

4 In an action seeking a declaratory judgment, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n.*, 432 U.S. 333, 347 (1977).

"together with interest, medical expenses, and costs of suit," (*id.* at 35-36). Accordingly, liability subject to the Policy "might result in an award exceeding the jurisdictional amount," which is sufficient for jurisdictional purposes. *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1068 (3d Cir. 1987) (affirming jurisdiction over a declaratory judgment claim where the insurance policy's limit exceeded the amount in controversy); *see Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938))).

The Court also has personal jurisdiction because the Defendant was properly served within the state of New Jersey. A district court sitting in New Jersey "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); *see* Fed. R. Civ. P. 4(k). In New Jersey, *in personam* jurisdiction attaches when a plaintiff personally serves its summons and complaint on a defendant in compliance with New Jersey Rule of Court 4:4-4(a). *See* Fed. R. Civ. P. 4(e)(1) (service of process is proper when an individual is served in a judicial district in accordance with state law). On March 7, 2026, a process server personally delivered a copy of the Complaint and Summons to Defendant in Manahawkin, New Jersey. (ECF No. 5; *see also* ECF No. 7 at 3 (declaring Defendant is not an infant, incompetent, or presently in military service).) Therefore, the Court finds that service was proper and that it has jurisdiction over the subject matter and the parties in this matter.

**B. Plaintiff's Cause of Action**

A plaintiff's complaint must establish a legitimate cause of action before default judgment can be entered. *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, Civ. No. 14-2149, 2015 WL 778795, at *1 (D.N.J. Feb. 24, 2015). In evaluating whether a legitimate cause of action exists, "the Court need not accept the moving party's legal conclusions, because even after default it

remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Aerotek, Inc. v. A. S. T. Constr., Inc.*, Civ. No. 25-11836, 2025 WL 2826100, at *2 (D.N.J. Oct. 6, 2025) (internal citation omitted).

Plaintiff's sole cause of action is for declaratory relief as to its obligations to Defendant under the Policy. (ECF No. 1 ¶¶ 18-22.)[5] The Declaratory Judgment Act (DJA) provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.* A court may declare that an insurer has no duty to defend or indemnify an insured where the insurance policy at issue provides an "unambiguous exclusion for coverage." *See State Farm Indem. Co. v. Van Pelt*, Civ. No. 25-1274, 2025 WL 2918675, at *7 (D.N.J. Oct. 14, 2025); *Atl. Cas. Ins. Co. v. REI Fast Constr. Inc.*, Civ. No. 25-1773, 2026 WL 1383161, at *5 (D.N.J. May 18, 2026) (finding plaintiff sufficiently demonstrated its declaratory judgment claim where alleged injuries fell "squarely" within the policy's exclusions); *Canal Ins. Co. v. Fema Trucking, LLC*, Civ. No. 20-17953, 2022 WL 3227188, at *6 (D.N.J. Aug. 10, 2022) (same); *Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 479-80 (D.N.J. 2023) (same).

### *1. Justiciability*

In addressing whether Plaintiff has pled a legitimate cause of action for declaratory relief, the Court must address the threshold question of justiciability. *Cal. Cas. & Fire Ins. Co. v. Montez*,

---

[5] "Declaratory relief may be granted by default." *AmGUARD Ins. Co. v. Prop. Mgmt. Servs. of Burlington Cnty. LLC*, Civ. No. 25-16749, 2026 WL 2531857, at *7 (D.N.J. Aug. 27, 2026).

Civ. No. 22-2941, 2024 WL 180822, at *4 (D.N.J. Jan. 17, 2024) ("[A] party seeking declaratory judgment must demonstrate the existence of an actual case or controversy."). "The existence of a 'case or controversy'[6] is a condition precedent to the proper exercise of judicial power by a federal court and the [DJA] can not relax that constitutional requirement." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1153 (3d Cir. 1995) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

Plaintiff seeks this Court's declaration that (1) "[Plaintiff] has no obligation to defend [Defendant] under the terms of the Policy in the [State Action]" and (2) "[Plaintiff] has no obligation to indemnify [Defendant] under the Policy in the [State Action] or any future action arising out of the July 30, 2022, motor vehicle accident[.]" (ECF No. 1 ¶¶ 21-22.) Because the Complaint primarily seeks a determination of Plaintiff's contractual obligations under the Policy as it relates to the State Action, the Court finds the present action presents a case and controversy and is properly justiciable. *See Great Lakes*, 652 F. Supp. 3d at 479 (finding justiciable a declaratory judgment regarding "whether [plaintiff] has any obligation to defend or indemnify [defendant] for the claims in [a state court action] pursuant to the underlying Policy"); *Canal Ins.*, 2022 WL 3227188, at *5 (same).

However, to the extent Plaintiff requests a declaration that Plaintiff has no future obligations to indemnify Defendant under the Policy, (ECF No. 1 ¶ 22), the Court finds that issue non-justiciable. *See AmGUARD Ins. Co. v. Prop. Mgmt. Servs. of Burlington Cnty. LLC*, Civ. No. 25-16749, 2026 WL 2531857, at *2 (D.N.J. Aug. 27, 2026) ("It is not enough to pose a hypothetical to the Court [in seeking declaratory relief]; a plaintiff—often the insurer—must allege a concrete

---

6 "[T]he phrase 'case of actual controversy' in the [DJA] refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

injury it *presently experiences* or *has suffered in the past* arising out of the terms of the parties' relationship." (emphasis in original)). Therefore, the Court will focus exclusively on Plaintiff's obligations under the Policy as they pertain to the State Action.

***2. Interpretation of the Policy***

The Court next reviews the terms of the Policy to determine whether the Policy provides an "unambiguous exclusion for coverage" here. *See State Farm Indem. Co.*, 2025 WL 2918675, at *7. New Jersey law applies to the interpretation of the contract because Plaintiff alleges the Policy was executed in New Jersey and the "events to be analyzed pursuant to the terms of the contract" occurred in New Jersey. *Centennial Ins. Co. v. Lithotech Sales, LLC*, 29 F. App'x 835, 837 (3d Cir. 2002) ("Absent a choice of law clause in a contract . . . the governing law generally is the law of the forum where the contract is executed and performed."); (*see* ECF No. 1 ¶ 3; *see* ECF No. 1 at 7 (showing the policy was issued to a New Jersey address); *id.* at 23 (stating that "[w]hen a policy provision is in conflict with the applicable law of the state or province in which this policy is issued, the law of such state or province will apply"); *id.* at 31-32 (showing the underlying vehicle collision occurred in New Jersey).)

Under New Jersey law, the Court must "first examine the plain language of the policy and, if the terms are clear, they 'are to be given their plain, ordinary meaning.'" *Pizzullo v. N.J. Mfrs. Ins. Co.*, 952 A.2d 1077, 1088-89 (N.J. 2008). In interpreting insurance contracts, the Court must "giv[e] effect to all of its parts so as to accord a reasonable meaning to its terms." *Assurance Co. of Am. v. Jay-Mar, Inc.*, 38 F. Supp. 2d 349, 352 (D.N.J. 1999). Additionally, "insurance policy exclusions must be narrowly construed" and "the burden is on the insurer to bring the case within the exclusion." *Princeton Ins. Co. v. Chunmuang*, 698 A.2d 9, 16-17 (N.J. 1997). "As a result, exclusions are ordinarily strictly construed against the insurer[.]" *Flomerfelt v. Cardiello*, 997 A.2d 991, 997 (N.J. 2010). Nonetheless, "exclusions are presumptively valid and will be given

effect if 'specific, plain, clear, prominent, and not contrary to public policy.'" *Princeton Ins. Co.*, 698 A.2d at 17 (quoting *Doto v. Russo*, 659 A.2d 1371, 1378 (N.J. 1995)).

Here, the Policy provides coverage for personal liability as follows:

> If a claim is made or suit is brought against an insured for damages because of a loss[7] for which the insured is legally liable and to which this policy applies, [Plaintiff] will pay on behalf of the insured, the damages that exceed the retained limit. . . . If a suit is brought against any insured for damages because of a loss to which this policy applies, [Plaintiff] will provide a defense to the insured at our expense by counsel of our choice when the basis for the suit is a loss that is not covered by any other insurance policy but is covered by this policy.

(ECF No. 1 at 18.) The Policy lists 21 exclusions. (ECF No. 1 at 19-21.) As relevant here, Exclusion 13 states that "[t]here is no coverage under this policy for any . . . bodily injury or personal injury *to any insured* as defined in [the Policy], including any claim made or suit brought against any insured to share damages with or repay someone else who may be obligated to pay damages because of such bodily injury or personal injury[.]" (*Id.* at 19, 21 (emphasis added).) As defined in the Policy, "insured" includes the named insured and any "relatives whose primary residence is [named insured's] household." (*Id.* at 14.)

Based on the clear and unambiguous language of Exclusion 13, the Court finds that the Policy excludes coverage for any bodily injury and personal injury caused to any "insured" person. *See Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262, 1264, 1267 (N.J. 2001) (finding "clear" an exclusion that stated "[w]e do not cover bodily injury to an insured person"); *Foley v. Foley*, 414 A.2d 34, 35, 36 (App. Div. 1980) (finding "plain and unambiguous" a policy exclusion stating "THIS POLICY DOES NOT APPLY . . . TO BODILY INJURY TO ANY INSURED"); *see also Suba v. State Farm Fire & Cas. Co.*, 114 A.D.2d 280, 283 (N.Y. 1986) (collecting cases where

---

7 As defined in the Policy, "loss" refers to "an accident . . . which first results in bodily injury or property damage during the policy period . . . or the commission of an offense which first results in personal injury during the policy period." (ECF No. 1 at 14.)

"this same exclusion has been tested in other courts and found to be clear and without ambiguity"). Plaintiff alleges that the Policy was issued to both Defendant and Tracy Houtsma as named insureds residing at the same address in Manahawkin, New Jersey. (*Id.* ¶ 7, 19; *see also id.* at 7 (listing Gary and Tracy Houtsma as the named insureds).) Therefore, according to a plain reading of the Policy, Plaintiff is not obligated to provide coverage for bodily injury or personal injury damages to Tracy Houtsma for which Defendant is legally liable.[8]

The only form of "loss" not exempted by Exclusion 13 is property damage, which is not alleged in the underlying State Action. (*See* ECF No. 1 at 35 (alleging Tracy Houstma sustained "severe personal injuries, pain, and shock in and about her mind and body," "great pain and suffering to her mind and body," and will be obliged "to expend great sums of money for medical aid, attention and treatment" due to the accident).) Accordingly, the Court finds that the Policy provides an "unambiguous exclusion" for coverage of the claims asserted in the State Action and thus Plaintiff has properly pled a legitimate cause of action for declaratory relief that Defendant's liability in the State Action is not covered by the Policy. *See State Farm Indem. Co. v. Van Pelt*, 2025 WL 2918675, at *7; *Atl. Cas. Ins. Co.*, 2026 WL 1383161, at *5; *Canal Ins.*, 2022 WL 3227188, at *6; *Great Lakes Ins.*, 652 F. Supp. 3d at 479-80.

### C. Default Judgment Factors

As a final step, the Court must evaluate whether the entry of default judgment is proper by considering three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

---

[8] As defined in the Policy, bodily injury refers to any "physical injury, sickness or disease to a person" subject to certain exceptions. (ECF No. 1 at 13-14.) Personal injury refers to any "injury other than bodily injury" arising out of false imprisonment, false arrest, wrongful eviction, wrongful detention of a person, abuse of process, malicious prosecution, libel, slander, defamation, or invasion of a private occupancy. (*Id.* at 14-15.)

conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195).[9]

As to the first factor, "[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because plaintiff will be left with no other means to vindicate his or her claims." *United States v. Vo*, Civ. No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016). Such is the case here. Denying an award of default judgment would prejudice Plaintiff and weighs in favor of Plaintiff's Motion. Next, nothing in the record suggests Defendant has a meritorious defense. As such, "this factor is either inconclusive, or it weighs slightly in Plaintiff's favor." *Joe Hand Promotions, Inc. v. Waldron*, Civ. No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013). Last, the Court draws an inference of culpability due to Defendant's failure to respond to Plaintiff's Complaint. *J & J Sports Prods., Inc. v. Tribiri-Tabara, LLC*, Civ. No. 18 13867, 2019 WL 2754955, at *3 (D.N.J. July 2, 2019) ("When a defendant has failed to answer, move, or respond to a complaint, culpability is presumed.").

Accordingly, the Court finds that default judgment is appropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion for Entry of Default Final Judgment (ECF No. 7) is **GRANTED**. An appropriate Order follows.

Dated: November 18, 2026

[signature]

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

[9] Plaintiff provides no arguments as to the application of the *Chamberlain* factors.